**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

VICTOR MILLINER,

    Petitioner,

v.                                        Case No: 8:16-cv-1738-T-30MAP
                                                    Crim. Case No: 8:11-cr-381-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Petitioner Victor Milliner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) filed on June 24, 2016. By his motion, Petitioner asserts that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *declared retroactive by Welch v. United States*, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016). In accordance with § 2255(f)(3), Petitioner's motion was timely filed within one year of *Johnson*. The government agrees that Petitioner is entitled to relief under *Johnson* because Petitioner was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), but due to *Johnson*'s invalidation of the residual clause, Petitioner no longer has the requisite three qualifying predicate offenses for the ACCA enhancement to apply. (CV Doc. 6).

On February 3, 2011, Petitioner pled guilty pursuant to a written plea agreement to (1) possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 841(a)(1),

(b)(1)(C) (Count IV), (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (Count V), and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count VI). (CR Docs. 19, 23, 27). On May 17, 2012, Petitioner was sentenced to 180 months' imprisonment, comprising 120 months' imprisonment on Counts IV and V, to run concurrently, and 60 months' imprisonment on Count VI, to run consecutive to the sentences imposed on Counts IV and V. (CR Doc. 31). Petitioner's sentences were to be followed by five years' supervised release, comprising three years' supervised release on Count IV and five years' supervised release on Counts V and VI, with all terms to run concurrently. (CR Doc. 31).

On Count V, Petitioner was subject to an ACCA enhancement based on three Florida burglary convictions. (PSR at ¶ 49). A Florida conviction for burglary, although listed under the enumerated-offenses clause of the ACCA, is no longer an ACCA predicate offense. The Florida burglary statute is too broad to be considered generic burglary; thus, Florida burglary was deemed a violent felony for purposes of the ACCA under the residual clause. In light of *Johnson*, Florida burglary does not qualify as an ACCA predicate offense under the residual clause.

The Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), also clarified that a Florida burglary conviction is not considered an ACCA predicate offense under the ACCA's enumerated-offenses clause either. The enumerated-offenses clause of the ACCA defines a violent felony as including "burglary, arson, or extortion." § 924(e)(2)(B)(ii). A crime qualifies as an ACCA predicate under the enumerated-offenses clause if the elements of the crime are the same as, or narrower

than, the generic offense. Burglary is a crime "contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

In *Mathis*, the Supreme Court held that Iowa's burglary statute "cover[ed] more conduct than generic burglary" because the Iowa statute reached a broader range of places beyond a "building or other structure." *Id.* at 2250, 2251. Thus, the Supreme Court concluded that the Iowa offense of burglary could not qualify as an ACCA predicate offense because its elements were broader than the elements of the generic offense. *Id.* at 2251. The Florida burglary statute defines burglary as "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter." Fla. Stat. § 810.02(1)(b)(1). Like the Iowa statute, the Florida statute is broader than the generic burglary offense because a "dwelling" includes the curtilage of a building and a conveyance includes "any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car." Fla. Stat. § 810.011(2)-(3); *see also James v. United States*, 550 U.S. 192, 212 (2007), *overruled on other grounds by Johnson*, 135 S. Ct. 2551. Consequently, a Florida burglary conviction is also not an ACCA predicate offense under the enumerated-offenses clause.

Without the ACCA enhancement, possession of a firearm by a convicted felon carries a statutory maximum of ten years' imprisonment and three years' supervised release. *See* 18 U.S.C. §§ 924(a), 3583(b)(2), 3559(a)(3). Because Petitioner's Florida burglary convictions no longer qualify as ACCA predicate offenses, his § 2555 motion

3

should be granted. Although the parties agree that Petitioner's ACCA-enhanced sentence on Count V should be vacated, the parties disagree regarding the extent of Petitioner's relief.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Victor Milliner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is GRANTED.

2. The sentence on Count V in case no. 8:11-cr-381-T-30MAP (Doc. 31) is VACATED.

3. A resentencing hearing shall be set by separate order after November 18, 2016.

4. On or before September 16, 2016, Petitioner may file a memorandum of law in case no. 8:11-cr-381-T-30MAP addressing the relief sought; on or before October 30, 2016, the government may file a response; and on or before November 18, 2016, Petitioner may file a reply.

5. The Clerk is directed to terminate from pending status the motion to vacate found at Doc. 36 in case no. 8:11-cr-381-T-30MAP.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of August, 2016.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record